QUIÑONES *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 111.—Decided March 11, 1912.

CANCELLATION OF MORTGAGE—CORPORATIONS—PRESIDENT OF A CORPORATION.—The registrar of property recorded a deed canceling a mortgage with the curable

defect that the powers conferred by the board of directors of the Porto Rican Leaf Tobacco Company upon its president to cancel said mortgages have not been properly established. An appeal having been taken from this decision of the registrar it was decided that it appearing in article 4 of the by-laws of the Porto Rican Leaf Tobacco Company that its president was given, among others, the power to cancel mortgages, there is no doubt that he had such power and that the deed does not contain the curable defect stated.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed executed on November 9, 1911, before Notary Rafael Arce Rollet, Luis Toro Pasarell, president of the Porto Rican Leaf Tobacco Co., canceled a number of mortgages made in favor of said corporation on three farms situated in the municipal district of Gurabo; and upon presentation of a copy of said deed to the Registrar of Caguas for admission to record, the registrar entered the record of the cancellation with the curable defect that the powers given by the board of directors of the Porto Rican Leaf Tobacco Co. to its president, Luis Toro Pasarell, to cancel said mortgages have not been properly established, as stated by him in his decision of December 20 of said year.

This decision of the registrar has been appealed from, in so far as the curable defect noted is concerned.

From an examination of the deed canceling the mortgages it appears that in article 4 of the by-laws of the Porto Rican Leaf Tobacco Co. the president is given the power *to give and to collect credits, and to accept and to cancel the mortgages given as security therefor;* and, inasmuch as the Registrar of Caguas acknowledges that Luis Toro Pasarell is the president of said corporation, whose capacity as such has also been established, there is no doubt that said Luis Toro Pasarell has the power to cancel mortgages, which he has exercised in executing the deed in question.

For the foregoing reasons that part of the decision of

the Registrar of Caguas from which this appeal has been taken should be reversed and the registrar notified that the deed canceling the mortgages should be admitted to record without the curable defect referred to.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.